**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thurman Harlem JONES,**
**Defendant–Appellant.**

**No. 89–6093.**

United States Court of Appeals,
Tenth Circuit.

March 12, 1990.

Rand C. Eddy (William P. Earley, Asst. Federal Public Defender, Oklahoma City, Okl., was with him on the brief), Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Frank Michael Ringer (Robert E. Mydans, U.S. Atty., and James F. Robinson, Asst. U.S. Atty., Oklahoma City, Okl., were with him on the brief), Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before TACHA and BALDOCK, Circuit Judges, and O'CONNOR, Chief District Judge.*

* The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

TACHA, Circuit Judge.

Thurman Harlem Jones appeals his sentence on the ground that the district court erred in applying the career offender provision of the Sentencing Reform Act, 28 U.S.C. section 994(h). We affirm.

### I.

On January 9, 1989, Jones pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. section 846. Jones' criminal history reveals two convictions that are relevant to this appeal: a 1984 felony conviction for assault with a deadly weapon, and a 1985 felony conviction for sale of a controlled substance. Jones' presentence report states that Jones was charged with the assault in August 1984, and was sentenced on March 29, 1985 to a minimum of six months incarceration and three years probation. Shortly before Jones was sentenced for the 1984 assault, he sold small quantities of rock cocaine to undercover sheriff's officers on two occasions in February 1985. These cocaine sales were the basis of Jones' conviction for sale of a controlled substance. On July 18, 1985, Jones was sentenced to one year incarceration and five years probation for this offense.

On November 10, 1986, Jones' probation for both the 1984 assault and the 1985 cocaine sale was revoked. Under the terms of the probation revocation, Jones received two years in state prison for the 1984 assault, and three years in state prison for the 1985 cocaine sale. These sentences were ordered to run concurrently.

Because of these two prior felony convictions, the district court determined that Jones came within the purview of the career offender provision of the Sentencing Reform Act, 28 U.S.C. section 994(h), which was implemented by section 4B1.1 of the United States Sentencing Guidelines. The court's finding that Jones was a career offender increased his criminal history cat-

egory from V to VI and increased his offense level from 14 to 32, resulting in a recommended sentencing range of 210–240 months. Due to Jones' cooperation and his testimony as a government witness at the trial of his codefendant, the court departed below the recommended guideline range and sentenced him to 156 months in the custody of the Bureau of Prisons.

### II.

■ Jones, in a *pro se* supplement to his counsel's brief, argues that he does not have "two prior felony convictions" as required by section 4B1.1 of the Guidelines, which states in pertinent part:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.

Guidelines section 4B1.2(3) states:

The term "two prior felony convictions" means (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (B) *the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A of this Chapter.* The date that a defendant sustained a conviction shall be the date the judgment of conviction was entered.

*Id.* § 4B1.2(3) (emphasis added).

Jones argues that because his two sentences for the 1984 assault and the 1985 cocaine sale were ordered to run concurrently after probation revocation, these concurrent sentences should be counted as one sentence under Guidelines section 4A1.-2(a)(2), which states:

Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history. Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

*Id.* § 4A1.2(a)(2).

Jones construes the language of section 4A1.2(a)(2) as mandating that all concurrent sentences must be treated as one sentence for purposes of calculating the defendant's criminal history score. However, section 4A1.2(a)(2) clearly states that only prior sentences in *"related cases"* are to be counted as one sentence. "Related cases" are defined in application note 3 of Guidelines section 4A1.2:

Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) *were consolidated for* trial or *sentencing.*

*Id.* § 4A1.2, comment. (n. 3) (emphasis added).

■ Jones committed the assault and sale of cocaine offenses on separate occasions, and he was sentenced for these offenses on separate occasions. Jones was originally sentenced for the assault on March 29, 1985 and for the sale of cocaine on July 18, 1985. Under these circumstances we do not find that Jones' prior felony cases were "consolidated for sentencing" merely because the court revoked his probation for both offenses and resentenced him in a single proceeding on November 10, 1986. Application note 11 for section 4A1.2 provides:

Section 4A1.2(k) covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, if any, did not exceed one year and one month. Rather than count the original sentence and the resentence after revocation as separate sentences, the

sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence.... *If, however, at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation.*

*Id.* § 4A1.2, comment. (n. 11) (emphasis added). The language of application note 11 persuades us that action taken by the sentencing court at a probation revocation hearing does not change the underlying sentences' separate and independent nature. The Sentencing Commission simply could not have intended to impose the onerous administrative burden of separate probation revocation and resentencing hearings as the *quid pro quo* for preserving the status of the defendant's *prior original sentences* as separate sentences for purposes of calculating the defendant's criminal history score under Guidelines section 4A1.2. *Cf. United States v. Dorsey,* 888 F.2d 79, 81 (11th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 756, 107 L.Ed.2d 772 (1989) (efficient judicial administration procedure provided by Fed.R.Crim.P. 20(a) should not be sacrificed by a literal interpretation of the career offender provision). We hold that requiring separate proceedings to revoke probation and resentence the defendant for each offense is not necessary to preserve the status of his prior convictions as "unrelated cases." Thus, the district court properly counted the sentences for Jones' two prior convictions separately under Guidelines sections 4A1.-2(a)(2) and 4B1.2(3).

### III.

■ Jones' counsel also raises a statutory construction issue concerning the career offender provision of the Sentencing Reform Act, which states:

The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

(A) a crime of violence; or

(B) an offense [involving controlled substances]; and

(2) has previously been convicted of two or more felonies, *each of which* is—

(A) a crime of violence; or

(B) an offense [involving controlled substances].

28 U.S.C. § 994(h) (emphasis added).

Jones argues that section 994(h)(2)'s "each of which" language requires that the two prior felony convictions must be in the same category, *i.e.,* either two crime of violence convictions or two controlled substance convictions. Jones contends that he cannot be a career criminal offender under section 994(h) because he has only one prior conviction for assault and one conviction for sale of a controlled substance.

Guidelines section 4B1.2(3), which defines "two prior felony convictions" for purposes of section 4B1.1, directly addresses this argument, stating that the requisite two prior felony convictions can be for "one felony conviction of a crime of violence and one felony conviction of a controlled substance offense." U.S.S.G. § 4B1.2(3)(A). Jones contends, in essence, that the United States Sentencing Commission exceeded the scope of its statutory authority under 28 U.S.C. section 994(h) when it included as career offenders under Guidelines section 4B1.1 defendants with one prior crime of violence felony conviction and one prior controlled substance felony conviction.

Jones' argument ignores the plain language of 28 U.S.C. section 994(h). *See United States v. Newsome,* 898 F.2d 119, 121–122 (10th Cir.1990). We find that section 994(h)(2)'s singular "each of which is" construction rebuts Jones' argument. In order to read section 994(h)(2) as requiring that the two prior felonies must belong to the same (A) or (B) category, a plural "both of which are" construction would be necessary. Similarly, if the section 994(h)(2)(A) and (B) categories were meant to refer to a set of two prior felonies, the "crime" and

the "offense" would be cast in the plural, not in the singular. Finally, we note that three other circuits have upheld a sentence based on the career offender provision imposed on a defendant in Jones' situation. *See United States v. Thompson,* 891 F.2d 507 (4th Cir.1989); *United States v. Cruz,* 882 F.2d 922 (5th Cir.1989); *United States v. Davis,* 881 F.2d 973 (11th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 735, 107 L.Ed.2d 753 (1989). We hold that the district court did not err when it applied the career offender provision in sentencing the defendant.

The judgment of the district court is AFFIRMED.