JOHN P. MOORE, Circuit Judge.
 

 Harvey Gene Hawkins, Jr., appeals the decision of the district court to depart above the guidelines in sentencing him for the unarmed robbery of a bank. We conclude the departure was not warranted by the facts and circumstances and remand for resentencing.
 

 At the sentencing hearing, the bank teller testified that at the time of the robbery Mr. Hawkins threatened he had a gun and would kill her if she did not comply with his demand for money. There was no evidence, however, that the defendant actually possessed a gun, and the district court so found. That finding notwithstanding, the
 
 *864
 
 court concluded defendant’s action was equivalent to using a gun in the commission of a robbery, conduct the Sentencing Commission had not adequately considered in setting the thirty-seven to forty-six month range for the crime of robbery. Consequently, the court departed upward and imposed a sentence of fifty-four months.
 

 The court found additional grounds for upward departure including the fact the defendant admitted in open court, in an effort to mitigate the offense, that he committed the robbery because of his cocaine dependency. The court reasoned this statement permitted upward departure under Guideline § 5K2.9 because the robbery facilitated defendant’s commission of another crime: the acquisition of cocaine. After reviewing a prior state felony conviction for possession of one gram of cocaine, the court also concluded the career offender adjustment provided by § 4B1.1 would also provide a basis for upward departure.
 

 Defendant has raised four issues for our consideration. All questions are directed to the trial court’s upward departure from the guidelines. We review such issues employing a three step analysis.
 
 United States v. White,
 
 893 F.2d 276, 277 (10th Cir.1990). First, we determine whether the circumstances cited by the district court justify departure.
 
 Id.
 
 Next, we ascertain whether the circumstances cited by the district court have a factual basis.
 
 Id.
 
 at 278. Then, we review the degree of departure employed by the district court.
 
 Id.
 
 The first step is plenary and constitutes consideration of matters of law only.
 
 United States v. Emrick,
 
 895 F.2d 1297 (10th Cir.1990). During the first step review, we
 

 “treat each guideline as carrying out a ‘heartland,’ a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.”
 

 White,
 
 893 F.2d at 277 (quoting United States Sentencing Commission,
 
 Guidelines Manual,
 
 ch. 1, pt. A, intro, comment, at 1.6 (Nov.1989)). In our analysis of such an upward departure, we determine whether the circumstances cited by the district court are sufficiently unusual to warrant departure.
 
 White,
 
 893 F.2d at 278.
 

 I.
 

 With these criteria in mind, we first consider the district court’s conclusion the Sentencing Commission had not adequately considered the threatened use of a weapon and the personal threat to the victim in setting the guideline for unarmed robbery. As part of his sentencing findings, the trial judge stated:
 

 The U.S. Sentencing Commission has determined that the Guideline Range would be 37 to 46 months. As I’ve advised the parties, however, I’m going to consider a departure in this case. And I am, in fact, going to depart upwardly, based on the evidence in this case concerning the threatened use of a firearm. I’m going to do that pursuant to the general policy departure provisions of the U.S. Sentencing Guidelines, as well as the Guideline 5K2.6 and 5K2.9. The basis for departure is as follows:
 

 The Sentencing Commission, under its general grounds for a departure, indicates that the Court may depart from the Guidelines if the Court determines that in light of unusual circumstances, the Guideline range attached to that factor is inadequate.
 

 The Court here finds that the Guideline range attached to this particular offense and to a certain factor, which I’ll outline is inadequate.
 

 Here, the Guideline range does not take into consideration, in the Court’s view, the threatened use of a firearm under the circumstances of this case.
 

 This case falls within the gray area of a mere intimidation and the actual physical possession of a firearm, which would enhance this defendant’s Guideline range to 51 to 63 months.
 

 However, I have found that the 51- to 63-month Guideline range would not be applicable in this case or could not be
 
 *865
 
 applied because the Guideline only contemplates applying the Guideline if the weapon was physically brandished, displayed, or possessed.
 

 In my view, the Commission did not adequately take into consideration the various possibilities involving bank robbery under 2113(a) when they computed the Guideline applicable to this particular case. And the circumstances in this case indicate that the defendant did everything in this case but display a firearm. Indeed, based on the findings I’ve made, the defendant threatened to kill the victim teller with a firearm in this case. And in my view, that’s more egregious circumstances than the mere intimidation, which would fall at the lower range of unarmed bank robbery.
 

 I agree that [defense counsel] has accurately cited the elements of [18 U.S.C. §] 2113(a). I agree that intimidation is an element. In this particular case, I think the defendant’s use of a threatened possession of a firearm was terrifying to the victim and warrants a departure.
 

 In addition, the court found upward departure warranted because the “threatened use of a firearm” equates with the “use” of a firearm within the meaning of § 5K2.6 of the guidelines.
 
 [1]
 

 We do not believe the circumstances relied upon by the court are sufficiently unusual to allow departure because the trial judge ignored the significance of the element of intimidation in the crime of robbery. As noted by the Second Circuit in
 
 United States v. Coe,
 
 891 F.2d 405, 411 (2d Cir.1989), the distinction between robbery and larceny is the factor of threat or intimidation. If the taking of property is not accompanied by threat or intimidation, the offense cannot be robbery; hence, the Sen-fencing Commission had to have considered the factor of intimidation and its effect upon the victim in establishing the § 2B3.1 sentencing guideline. As the Second Circuit stated in
 
 Coe:
 

 Surely the Commission was aware that many unarmed robbers claim to be armed. In light of the precise consideration the Commission gave to the significance of the use of a firearm [§ 2B3.1(b)(2)] and the nature of a threat in the course of a robbery, carefully calibrating offense levels to the various types of firearm use .., we conclude that the Commission elected not to authorize increased punishment for claiming to be armed.
 

 Id.
 
 We must, therefore, conclude the trial court’s upward departure on the basis of the defendant’s claim he possessed a gun was improper.
 

 Defendant contends the district court misapplied Guideline § 5K2.6, and we agree. Section 5K2.6 provides a basis for upward departure when a “weapon or dangerous instrumentality was used or possessed in the commission of the offense.”
 
 [2]
 
 The meaning of this policy statement is quite clear, and it permits no liberal application. The use of a weapon does not include claimed possession of a nonexistent weapon.
 

 By enacting the Sentencing Reform Act, Congress decided federal judges shall have only limited discretion in the sentencing process, and we are now bound by that decision. Trial judges should not attempt to stretch the clear language of the guidelines to apply them in a way not intended by the Commission. In this instance, the trial court simply had no factual basis for the application of § 5K2.6.
 

 
 *866
 
 II.
 

 The next question is whether the decision to depart upward is supported by § 5K2.9 which permits an increase in the sentence if “the defendant committed the offense in order to facilitate ... the commission of another offense.” Here, the district court found departure warranted because “in this case, the crime was the defendant’s acknowledged, quote-unquote, ‘heavy crack cocaine habit’ ... which the defendant has acknowledged.” It is notable that the court made no finding that the defendant committed the charged offense to provide the means for accomplishing another crime. Indeed, the court seemingly concluded the defendant’s motive for committing the robbery was to satisfy his “heavy crack cocaine habit.”
 
 [3]
 

 The fact that the defendant has an addiction, without more, does not suggest a connection between the charged offense and additional criminal conduct to which § 5K2.9 applies. Without a demonstration of such a nexus, there is no factual support for an upward departure under § 5K2.9.
 
 United States v. Ceja-Hernandez,
 
 895 F.2d 544, 545 (9th Cir.1990);
 
 Compare United States v. Burns,
 
 893 F.2d 1343, 1346 (D.C.Cir.1990);
 
 United States v. Lopez,
 
 875 F.2d 1124, 1127 (5th Cir.1989).
 

 III.
 

 Finally, defendant contends the trial court improperly departed upward upon the conclusion Mr. Hawkins is a career offender within the definition of Guideline § 4B1.1.
 
 [4]
 
 We agree.
 

 The record indicates some six days following the original sentencing hearing, the trial court convened a second hearing. The court stated that after sentencing it “came across a Career Offender provision of the guidelines.” Apparently, the court believed this discovery prompted further consideration of defendant’s sentence.
 

 At this hearing, the district judge acknowledged defendant did not actually qualify as a career offender because one of his two prior felony convictions did not meet the definition contained in § 4B1.1(2).
 
 [5]
 
 Despite the inapplicability of § 4B1.1, the court stated:
 

 The Court finds that this is a close call. The Court agrees with the assessment of counsel [that the Court could not sentence under the career offender statute], but the Court is going to cite this as a fourth additional basis for departure because the Defendant’s record in this case
 
 has narrowly missed qualifying for Career Offender status,
 
 and the record should reflect that the Court has imposed a sentence in this case on the Defendant of 54 months, which is approximately one-fourth of the sentence the Defendant would have received if he were convicted as a Career Offender.
 

 (emphasis added). Defendant argues the fact he “narrowly missed” the definition of a career criminal is irrelevant and not a ground for departure. Again, we agree. Without regard to the propriety of the second proceeding, we believe once again the court was without a factual basis for the application of an upward departure.
 

 
 *867
 
 The government suggests
 
 United States v. Campbell,
 
 888 F.2d 76, 79 (11th Cir.1989), supports the district court’s decision to apply career offender status to defendant.
 
 Campbell
 
 is inapposite. The Fifth Circuit affirmed an upward departure based upon a defendant’s criminal record even though his prior offenses did not qualify him for career offender status. This result was not reached because the defendant “nearly qualified” but because he had “prior convictions for eight separate crimes in just eleven years.”
 
 Id.
 
 For that reason, the sentencing court concluded the defendant’s criminal history category significantly under-represented the seriousness of his criminal history and the likelihood he would commit further crimes. That finding justified departure under Guideline § 4A1.3.
 
 [6]
 

 In this instance, the trial court made no findings that would justify application of § 4A1.3. According to the statements of the district court, defendant’s criminal history includes convictions for “assault and battery with deadly weapon with intent to kill” in 1977, and “possession of a controlled dangerous substance, cocaine” in 1984. While that history is not exemplary, it hardly compares to eight convictions within eleven years.
 

 One is either a career offender or one is not. No allowance is made for “close cases.” The Commission has carefully circumscribed the types of crimes for which conviction will result in a status that will qualify a defendant for enhanced sentencing. It is not a province of district judges to elasticize the constraints within which that definition exists.
 
 [7]
 

 The sentence imposed by the district court is REVERSED, and the case is REMANDED for resentencing in accordance with this opinion.
 

 [1]
 

 . Sentencing occurred on May 18, 1989, prior to the revision of § 2B3.1(b)(2) which added provision (D) which permits an increase of two levels "if an express threat of death was made,” The revision became effective November 1, 1989, United States Sentencing Commission,
 
 Guidelines Manual,
 
 Appendix C, Amendment 110 (1989), and was not available to the district court at the time of sentencing.
 

 [2]
 

 . Section 5K2.6 states:
 

 If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase.
 

 [3]
 

 . There is nothing in the record indicating the defendant’s motive for the charged offense. In his statement in mitigation, defendant said: "I done [sic] this out of depression, out of necessity, that I thought, out of ignorance for drugs. And that was the only reason." The trial court also referred to a statement in the presentence report indicating the defendant "personally cited his heavy cocaine crack habit and a lack of funds to support the habit as a factor contributing to his depressed state and the crime in this case.” Nothing in either of these statements logically leads to a conclusion that defendant committed the charged offense “to facilitate the commission of another offense.”
 

 [4]
 

 . Section 4B1.1 states in part:
 

 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 

 [5]
 

 . Defendant had been convicted in state court of simple possession of cocaine. The court recognized this offense was not akin to possession "with intent to manufacture, import, export, or distribute” as required under § 4B1.1(2) for a "controlled substance offense” to qualify a defendant as a "career offender.”
 

 [6]
 

 . Section 4A1.3 states in part:
 

 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant’s past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
 

 [7]
 

 . The district judge advised the defendant how "lucky” he was and "how narrowly you missed being sentenced to four times what you were sentenced the other day.” The judge also stated he “felt that the Court of Appeals should know, since the Defense was objecting to an eight month departure and a 54 month sentence, that arguably, and I still believe arguably a 220 month sentence could have been given in this case.” We do not agree that this defendant even arguably qualifies for any upward departure, let alone a sentence of 220 months on the strength of this record.