**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Alejandro VILLARREAL, Jr. Defendant–Appellant.**

No. 91–2102.

United States Court of Appeals, Tenth Circuit.

March 23, 1992.

William D. Fry, Asst. Federal Public Defender, Las Cruces, N.M., for defendant-appellant.

Don J. Svet, U.S. Atty., and Judith A. Patton, Asst. U.S. Atty., Las Cruces, N.M., for plaintiff-appellee.

Before LOGAN, BARRETT and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Defendant pled guilty in the United States District Court for the District of New Mexico to the charge of possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(D). The court found him guilty and sentenced him as a career offender under U.S.S.G. § 4B1.1, finding that (a) Defendant was at least eighteen years old at the time of the charged offense; (b) the charged offense was in violation of the Controlled Substances Act; and (c) Defendant had two previous felony convictions for violent crimes in the state courts of Texas. He appeals, arguing that his two prior convictions for crimes of violence were consolidated for sentencing and thus should be considered as "related" rather than discrete crimes.[1] For the reasons stated below, we affirm.

---

**1.** After examining the briefs and appellate    record, this panel has determined unanimously

■ Under the sentencing guidelines, in order to be sentenced as a career offender, (1) the defendant [must be] at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction [must be] a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant [must have] at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (in pertinent part). Defendant concedes that the first two requirements are satisfied. The only issue is whether Defendant's criminal history satisfies the third requirement. We review the district court's application of the sentencing guidelines to the facts of a particular case with due deference, while reviewing questions of law de novo. *United States v. Shewmaker*, 936 F.2d 1124, 1126 (10th Cir. 1991), *cert. denied*, ___ U.S. ___, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992). "Regarding factual determinations made by the district court, we apply a 'clearly erroneous' standard of review." *Id.*

The district court made a factual finding that:

defendant has two prior felony convictions which are crimes of violence as follows: On December 5, 1986, in the 282nd Judicial District Court of Dallas County, Texas, the defendant's previously imposed term of seven years probation for the offense of burglary of a habitation which occurred on April 28, 1986, was revoked and the defendant was sentenced to five years incarceration in the

Texas Department of Corrections. On December 5, 1986, in the 282nd Judicial District Court of Dallas County, Texas, the defendant was sentenced to serve 15 years incarceration in the Texas Department of Corrections in two separate cause numbers of Burglaries of a Habitations [sic], which occurred on October 15, 1986.

R. Vol. I, tab 5 at 2. This factual determination is not clearly erroneous. The presentence report reveals that on April 28, 1986, Defendant was arrested for one burglary. Six months later he was arrested for two other burglaries which occurred the same day (six months after the first arrest) at an apartment complex. On December 5, 1986, he was sentenced for the first burglary to seven years probation, the probation was immediately revoked, and he was sentenced to five years incarceration. On the same date, he was sentenced for the later charges to concurrent fifteen-year prison terms. R. Vol. II (Presentence Report) at 7–8.[2]

■ Defendant relies on the definition of "related" crimes in challenging his status as a career offender.[3] The meaning of the word "related" is a legal issue that we review de novo. The defendant looks to U.S.S.G. § 4B1.2, which states in pertinent part that:

The term "two prior felony convictions" means (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a con-

---

that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The presentence report states that details concerning the first burglary, Cause No. F–86–86775–S, for which defendant was sentenced to seven years probation, probation revocation, and a separate five-year sentence of incarceration, were unavailable. R. Vol. II at 7. The presentence report recites numerous details about the two offenses for which Defendant was arrested October 15, 1986, Cause Nos. 86–93537–LS and F–86–93538–LS, and for which he was sentenced to concurrent imprisonment terms of fifteen years each. *Id.* at 8.

The record does not state whether the five-year sentence was to be served concurrently with the fifteen-year sentence. However, the criminal history worksheet of the presentence report indicates that the release date for both sentences was on the same date. R.Vol. II.

3. We note that Defendant does not claim that the *offense* for which he was arrested on April 28, 1986, is related to the *offenses* for which he was arrested on November 15, 1986. His claim is that the *sentencing* for conviction of charges stemming from both these arrests must be considered as related for the purpose of determining whether he is a career criminal under the sentencing guidelines.

trolled substance offense ..., and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A of this Chapter.

To determine whether the prior convictions are to be counted separately, U.S.S.G. § 4A1.2(a)(2) provides that "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." Application note 3 to that section of the sentencing guidelines in effect when Defendant was sentenced interprets the word "related" in this way: "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."

■ Applying the facts of this case to these provisions of the sentencing guidelines narrows our inquiry regarding Defendant's career offender status to a very specific issue. We must determine whether the fact that Defendant was sentenced to probation, probation revocation, and imprisonment for one offense on the same date that he was sentenced for other nonrelated violent offenses causes the two sentences to be "related" for the purpose of determining career offender status under the sentencing guidelines in effect on the date of Defendant's federal criminal sentencing. *See United States v. Saucedo,* 950 F.2d 1508, 1513 (10th Cir.1991) ("Generally, a court is required to apply the guidelines, including 'any pertinent policy statement issued by the Commission,' that are in effect on the date the defendant is sentenced.").

As noted above, the version of U.S.S.G. § 4A1.2, application note 3 effective on March 28, 1991, Defendant's federal district court sentencing date, counsels that offenses can be considered "related" if they have been consolidated for sentencing.[4] However, "consolidation for sentencing" is a term which lacks specific definition, and the consolidation of two cases for sentencing can occur for a variety of reasons. For example, sentencing could be ordered to be consolidated because the offenses for which a defendant is being sentenced are related so closely that double sentencing claims could arise from separate sentencing. By contrast, two sentences may be imposed at the same time simply to further judicial economy. Sentencing one defendant on the same date for otherwise unrelated crimes avoids bringing the same parties before the same court on separate occasions for sentencing resulting from separate and distinct convictions or guilty pleas.

Commentators noted the vagueness inherent in the definition of related cases contained in § 4A1.2, application note 3, *see* Thomas W. Hutchison and David Yellen, *Federal Sentencing Law and Practice* 309, anno. 2 (1989), and subsequent court decisions bore out their observation, as different circuits applied the section in different ways. *See, e.g., United States v. Gross,* 897 F.2d 414, 416–17 (9th Cir.1990) (rejecting application note 3 of § 4A1.2(a)(2)),[5] *cited with approval in*

---

4. "Consolidation for sentencing" does not arise from the occurrence of sentencing to concurrent sentences. *See, e.g., United States v. Smith,* 905 F.2d 1296, 1303 (9th Cir.1990) (rejecting defendant's contention that two prior convictions should have been treated as one because, upon probation revocation, sentence was for concurrent prison terms. "The application gives clear direction that all sentences based on one *conviction* are to be aggregated, while sentences based on different convictions should be computed separately. The fact that the sentences were to run concurrently has no legal effect here."); *United States v. Jones,* 899 F.2d 1097, 1101 (11th Cir.) (same), *cert. denied,* —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990); *United States v. Flores,* 875 F.2d 1110, 1114 (5th

Cir.1989) ("Simply because two convictions have concurrent sentences does not mean that the crimes are 'related' under Part A.").

5. One element of the analysis of *United States v. Gross* was a holding that application notes of the sentencing guidelines were not binding. *Gross,* 897 F.2d at 416. That holding was subsequently abrogated in *United States v. Anderson,* 942 F.2d 606, 614 n. 5 (9th Cir.1991) (en banc). The abrogation was recognized in *United States v. Palmer,* 946 F.2d 97, 98 (9th Cir.1991) (holding that a sentence imposed upon probation revocation must be treated as part of the original sentence, computed separately from the sentence imposed for the new criminal conviction which is the predicate for revoking probation,

*United States v. Elmendorf,* 945 F.2d 989, 997 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 990, 117 L.Ed.2d 151 (1992); *United States v. Metcalf,* 898 F.2d 43 (5th Cir.1990):

> [W]e do not believe that sentencing on two distinct cases on the same day necessitates a finding that they are consolidated. Here, the 1982 and 1983 offenses proceeded to sentencing under separate docket numbers and there was no order of consolidation. The two cases were not factually tied in any way. ... [O]n these particular facts, the 1982 and 1983 offenses were not consolidated for trial or sentencing.

*Id.* at 46 (explicitly rejecting the Ninth Circuit's analysis in *Gross* ); *cf., United States v. Houser,* 929 F.2d 1369, 1374 (9th Cir.1990) (drug convictions stemming from same investigation and sales to same agent within short period of time but across county lines treated as related and "part of a single common scheme or plan" although handled in different counties; "[t]he guidelines require a sentencing judge to look behind the mere number of prior convictions to examine the circumstances of the convictions when determining whether or not they are related."); *United States v. Chartier,* 933 F.2d 111, 115–16 (2d Cir. 1991) (rejecting argument that two separate concurrent sentences should be considered the "functional equivalent of consolidation" because they might have been consolidated for sentencing had they all occurred in one jurisdiction).

The Tenth Circuit approached this issue in *United States v. Jones,* 898 F.2d 1461 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 111, 112 L.Ed.2d 81 (1990). In *Jones,* the defendant was convicted of an assault which occurred in August 1984 and later in a separate proceeding he was convicted of a 1985 drug offense. After serving some time on both sentences, he was released on probation on both sentences. While on probation, he committed a further offense which caused his two earlier probation terms to be revoked. Under the terms of the revocation, he was sentenced to two years imprisonment in the state prison for the 1984 assault and three years in the state prison for the 1985 drug sale, with the two sentences to run concurrently. *Id.* at 1462. The issue in the case was whether the prior convictions were "related" under U.S.S.G. § 4A1.2(a)(2) so as to relieve the defendant of career offender status in subsequent federal sentencing. This court held that the defendant was properly sentenced as a career offender, reasoning that the mere fact of the concurrent probation revocation and sentencing upon revocation did not convert the separate convictions into a "related" crime.

> [A]ction taken by the sentencing court at a probation revocation hearing does not change the underlying sentences' separate and independent nature. ... We hold that requiring separate proceedings to revoke probation and resentence the defendant for each offense is not necessary to preserve the status of his prior convictions as "unrelated cases."

*Id.* at 1464. [6] *See also* U.S.S.G. § 4A1.2, application note 11: "If ... at the time of revocation another sentence was imposed for a new criminal conviction, that convic-

---

even though both sentences were imposed at the same time); and *United States v. Fine,* 946 F.2d 650, 653–54 (9th Cir.1991) (holding that cases consolidated for trial and sentencing must be considered "related" under U.S.S.G. § 4A1.2(a)(2), application note 3).

**6.** The difficulty experienced by the courts in interpreting § 4A1.2, application note 3, led to amendment of that application note, effective November 1, 1991. Effective that date, the application note states:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing

the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

(Emphasis added). This amendment covers precisely the situation of the case before us: Defendant was "arrested for the first offense prior to committing the second offense." While this subsequent clarification is not binding on our analysis of the sentencing guidelines in effect at the time Defendant was sentenced, it is pertinent to this discussion to note the change.

tion would be computed separately from the sentence imposed for the revocation." [7]

The case before us involves a sentence for one crime (imposition of probation, probation revocation, and sentencing to imprisonment, all entered seriatim at one sentencing proceeding) on the same day as sentence was imposed for other crimes which were factually unrelated to the original charge. By contrast, in the *Jones* case, the court sentenced the defendant to probation on an earlier date than the date on which it revoked his probation and sentenced him to imprisonment on the earlier crime while also imposing an additional sentence for the later offense. However, despite this distinction, the rationale behind the holding in *Jones* controls. "[R]equiring separate proceedings to revoke probation and resentence the defendant for each offense is not necessary to preserve the status of his prior convictions as 'unrelated cases.'" *Jones*, 898 F.2d at 1464. In the present case, to require the state court to have sentenced Defendant to probation for his first offense on one day and then to reconvene the parties the next day to revoke the probation, sentence Defendant to prison for the first offense, and sentence him to prison for the second offense, solely for the purpose of satisfying an inartfully drafted definition in the federal sentencing guidelines is a waste of judicial resources. Under the rationale for this circuit's interpretation of the sentencing guidelines' definition of "related offenses" set forth in *Jones*, Defendant's sentences imposed by the Texas court on December 5, 1986, are unrelated for the purpose of determining Defendant's status as a career offender, even though Defendant's sentencing for probation, probation revocation, and sentencing for imprisonment for the first offense occurred on the same date as his sentencing for the two later offenses.

7. The government cites the case of *United States v. Williams*, 922 F.2d 578 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1637, 113 L.Ed.2d 733 (1991), in support of the court's separation of the two convictions for the purpose of determining Defendant's career offender status. However, *Williams* is inapposite. *Williams* involved an examination of related prior convictions in the context of an upward

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

departure from the sentencing guidelines. In the case before us, the district court stated explicitly that, "I'm not going to depart upward. What I'm going to do is find that he is a career criminal. That is not an upward departure. That's just a mere finding, and I'll make that finding. He's a career criminal, and he is going to be sentenced as one." R.Vol. III (transcript of sentencing hearing) at 8.