**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARY LOU TAYLOR,

    Defendant-Appellant.

No. 98-6125
(D.C. No. CR-97-153-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

In this direct criminal appeal, defendant argues the district court erred in sentencing her as a manager or supervisor of the offense, see U.S.S.G. § 3B1.1(b), and in upwardly departing from the sentence recommended by the Guidelines. [1] Having jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

§ 1291, this court reviews the sentencing court's legal determinations de novo, and its factual findings for clear error, see United States v. Valdez, 158 F.3d 1140, 1141 (10th Cir. 1998).

## I.    DEFENDANT'S ROLE IN OFFENSE

Defendant pled guilty to one count of knowingly and fraudulently using another's credit card to obtain things of value. See 18 U.S.C. § 1029(a)(5). The presentence report indicates that defendant obtained credit card numbers from guests staying at a hotel where she worked. Defendant, and others, then used these numbers, without the cardholders' authorization, to purchase merchandise. Although the participants purchased merchandise in Oklahoma City, Oklahoma, and Wichita, Kansas, they made the majority of their purchases through one particular salesperson at a single furniture store in Oklahoma City.

The presentence report recommended the district court increase defendant's offense level three levels as a manager or supervisor of the offense, see U.S.S.G. § 3B1.1(b), because defendant obtained the credit card numbers, furnished them to five or more participants in this scheme, and instructed those participants on how to use the numbers to purchase merchandise. See R. vol. 2 at 7, ¶ 28.

Defendant objected to this increase, asserting that, while she did obtain the credit card numbers, she turned those numbers over to her boyfriend, who in turn

gave the numbers to the other participants, and instructed defendant and the others on how and where to make purchases using those numbers. Defendant also specifically objected to the presentence report's description of her role in the Oklahoma City purchases. The district court overruled these objections, finding that defendant's

> conduct does in fact warrant a supervisor or manager role in this offense. She certainly orchestrated the offenses in terms of appropriating credit card numbers from her place of employment and furnishing them to others. She exercised decision-making authority. She told them how to do it, told them where to go.

Id., vol. 3 at 5.

On appeal, defendant argues that, in making this determination, the sentencing court violated Fed. R. Crim. P. 32(c)(1), which requires that, "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." We agree.

A district court may not satisfy its obligation under Rule 32(c)(1) by simply adopting the presentence report as its findings. See, e.g. , United States v. Romero , 122 F.2d 1334, 1344 (10th Cir. 1997), cert. denied , 118 S. Ct. 1310 (1998). Where, as here, the district court "fails to comply with Rule 32, we must remand for the court to either make the necessary findings and attach them to the

presentence report, or enter a declaration that it did not take the controverted matters into account in sentencing the defendant." Romero, 122 F.3d at 1344.

## II. UPWARD DEPARTURE

Despite our remand for resentencing, we must still review the sentencing court's upward departure. See United States v. Shumway, 112 F.3d 1413, 1424, 1427 (10th Cir. 1997). The district court departed upward from the Guidelines' recommended sentence, adding three points to defendant's criminal history category, after determining that this category otherwise significantly underrepresented the seriousness of her criminal history or the likelihood that defendant would commit further crimes. See R. vol. 3 at 11. In reviewing the upward departure, we inquire

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

United States v. Whiteskunk, No. 97-1407, 1998 WL 873042, at *4 (10th Cir. Dec. 16, 1998) (quoting United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997)). This court reviews the district court's decision to depart upward under a unitary abuse-of-discretion analysis, reviewing the permissibility of the factors upon which the district court based its departure without deference, but affording

-4-

substantial deference to the sentencing court's finding that the factors upon which it relied warranted both a departure and the degree to which the court departed. See id. at *4, *7, *8.

The factors upon which the district court based its decision to depart upward—that defendant's criminal history points did not adequately reflect the seriousness of her past criminal history and the likelihood that defendant would again commit other crimes—are permissible factors upon which to base an upward departure. See U.S.S.G. § 4A1.3; see also id. § 4A1.2, Comment 3; Collins , 122 F.3d at 1303-04. So, too, were the specific bases upon which the district court departed: the Guidelines allotted only three criminal history points, ordinarily awarded for a single conviction and sentence of at least one year and one month, see U.S.S.G. § 4A1.1(a), for twenty-two convictions resulting in concurrent ten-year sentences, only because these convictions were consolidated for sentencing purposes; and the Guidelines failed to allot any criminal history points for a pending state charge upon which defendant had agreed, but failed, to make restitution. See id. § 4A1.3(b), (e); Shumway , 112 F.3d at 1428; United States v. Lowe , 106 F.3d 1498, 1502 and n.7 (10th Cir.), cert. denied , 117 S. Ct. 2494 (1997).

Further, the district court did not err in determining that these same reasons took this case out of the heartland of cases addressed by § 4A1.1(a). See

Whiteskunk, 1998 WL 873042, at *2; see also United States v. Williams, 922 F.2d 578, 581-82 (10th Cir. 1990).

The record supports the district court's findings concerning defendant's criminal history. Defendant does not specifically dispute the accuracy of the presentence report's description of her prior criminal history. See United States v. Kalady, 941 F.2d 1090, 1099 (10th Cir. 1991). In addition, the record does not support defendant's assertion that the twenty-two convictions consolidated for sentencing were factually related offenses. There is no evidence of any common scheme, and defendant committed these offenses against several different victims over a six-month period of time. See Williams, 922 F.2d at 579-80, 582-83 (separating, for sentencing purposes, distinct prior bank robbery convictions); United States v. Bishop, 921 F.2d 1068, 1069, 1071-72 (10th Cir. 1990) (separating three prior felonies occurring on separate days within thirty-day period); United States v. Jackson, 903 F.2d 1313, 1317, 1318-19 (10th Cir.) (separating three convictions for shooting with intent to kill, arising from same incident, but involving three different victims), reh'g en banc granted on other grounds, 921 F.2d 985, 988 (10th Cir. 1990); see also United States v. White, 893 F.2d 276, 279 (10th Cir. 1990).

Lastly, the district court's degree of departure was reasonable. The court awarded three criminal history points for each group of convictions involving the

same incident or victim, and for the pending state count upon which defendant had agreed to pay restititution. The district court clearly articulated the basis for the degree of departure it imposed and, in doing so, referred to the analogous Guideline provisions. See Whiteskunk, 1998 WL at 873042, at *8-*9; Lowe, 106 F.3d at 1503; see also, e.g., United States v. Flinn, 18 F.3d 826, 829 (10th Cir. 1994) (assignment of criminal history category points for past criminal conduct is reasonable methodology consistent with Guidelines' goals of uniformity and proportionality). The district court, therefore, did not abuse its discretion in departing upward from the Guidelines' recommended sentencing range to the degree it did.

We, nevertheless, VACATE defendant's sentence, in light of the sentencing court's violation of Rule 32(c)(1), and REMAND to the district court for resentencing.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge