986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael RESTAINO, Defendant-Appellant.
 No. 92-2026.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1993.
 
 Before TACHA, BALDOCK and PAUL KELLY, JR., Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Michael Restaino pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343 and was sentenced to thirty-three months imprisonment plus three years supervised release. On appeal, Mr. Restaino challenges the criminal history category underlying that sentence. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.
 
 
 3
 Mr. Restaino's presentence report identified eight criminal history points, resulting in a criminal history category of IV. This calculation rests in part on the interplay of two unrelated crimes. On June 8, 1984, Restaino was convicted of grand theft and sentenced to three years probation. On October 5, 1984, Restaino was arrested for uttering a forged instrument and, at his March 19, 1987, sentencing hearing, the court (1) sentenced him to twenty-four months imprisonment for that crime and (2) revoked his probation for the grand theft charge and sentenced him to twenty-four months imprisonment to run concurrently with his forged instrument sentence. The district court assigned each of these past crimes a separate point value of three.
 
 
 4
 The interpretation of the sentencing guidelines is a question of law which we review de novo. United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.), cert. denied, 111 S.Ct. 112 (1990). The guidelines provide specific instructions for calculating a defendant's criminal history. Relevant to this case, § 4A1.2(a)(2) states:
 
 
 5
 Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.
 
 
 6
 United States Sentencing Commission, Guidelines Manual, § 4A1.2(a)(2) (Nov. 1992). At the time of Restaino's wire fraud offense, the guidelines defined related cases as follows:
 
 
 7
 Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 8
 See U.S.S.G. § 4A1.2, comment. (n. 3) (Nov. 1990).[1]
 
 
 9
 Restaino argues that, because his forged instrument and grand theft prison sentences were imposed at a consolidated hearing, they must be considered as one sentence for purposes of his criminal history. It is well-established, however, that the revocation of probation and imposition of sentence at a subsequent sentencing hearing for a different offense "does not change the underlying sentences' separate and independent nature." United States v. Jones, 898 F.2d 1461, 1464 (10th Cir.), cert. denied, 111 S.Ct. 111 (1990); see also United States v. Villarreal, 960 F.2d 117, 120-21 (10th Cir.) (sentences for separate crimes entered at same hearing not "related" for purposes of § 4A1.2(a)(2)), cert. denied, 113 S.Ct. 166 (1992). The district court therefore properly assigned each offense a separate point value.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This definition was amended effective November 1991, to include the prefatory language: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2, comment. (n. 3) (Nov. 1991)