13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Jeffrey MORRIS, Defendant-Appellant.
 Nos. 93-5032, 93-5066.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Following a guilty plea to the crime of fraudulently using a Social Security number, 42 U.S.C. 408(a)(7)(B), Michael J. Morris was sentenced to confinement for thirty months, supervised release for three years, and ordered to pay restitution of $6,741. He appeals his sentence contending the court erred in calculating his criminal history by failing to recognize two prior convictions were "related" offenses for the purpose of sentencing. He also contends the district court abused its discretion in setting the amount of his restitution. We affirm.
 
 
 2
 At the time of sentencing, Mr. Morris had already suffered two prior convictions he claims are related for the purpose of sentencing. The first offense, committed in the State of Georgia, was a bank fraud in which the defendant used a false name to open a line of credit. The second offense, use of a false Social Security number to open a bank account in Oklahoma, was committed later. The Georgia federal indictment was transferred to Oklahoma under Fed.R.Crim.P.20 for entry of a plea, and defendant was sentenced on both indictments on the same day.
 
 
 3
 Mr. Morris now contends U.S.S.G. 4A1.2 required the district court to deem the Georgia and Oklahoma convictions related offenses for which three and not six points should have been added to the calculation of his criminal history. The argument is based essentially on contentions there was no intervening arrest between the commission of the two offenses, the offenses were part of the same scheme, and the cases were consolidated for sentencing. We disagree.
 
 
 4
 Under 4A1.2, the congruence of the three factors defendant contends are present in this case would result in consideration of the two offenses as related. Yet, all of those factors are not manifest in this record. Although the government concedes there was no intervening arrest, we see no evidence that the offenses were part of the same scheme or consolidated for sentencing.
 
 
 5
 Other than the bases for both crimes are acts of fraud, defendant has advanced nothing here or in the trial court to indicate those otherwise separate acts were part of the same plan or scheme. Even were the contrary true, it is settled the mere coincidence the defendant was sentenced on the same day for both offenses does not make them related under 4A1.2. United States v. Villarreal, 960 F.2d 117, 119-21 (10th Cir.), cert. denied, 113 S.Ct. 166 (1992); also see United States v. Gary, 999 F.2d 474, 479 (10th Cir.), cert. denied, 114 S.Ct. 259 (1993).
 
 
 6
 Mr. Morris next contends the district court abused its discretion by ordering restitution because, when joined with another outstanding order for restitution in prior cases, the restitution required here exceeds defendant's ability to pay. He also argues the court failed to find defendant has that ability. We note these objections were not raised at the time of sentencing.
 
 
 7
 Defendant's trial counsel made an obscure argument that Mr. Morris' family responsibilities and "the economic realities of needing to work to pay this restitution [ ], along with the other circumstances that we have communicated to the court, would allow this court to consider departing from the guidelines." He did not, however, directly object to the assessment of restitution.
 
 
 8
 Nonetheless, it appears the district court had before it the presentence report which stated defendant had not held gainful employment in the past but was employed at the time of sentencing. The district court took these factors into consideration as well as the defendant's capacity to earn income during incarceration. The court then stated,
 
 
 9
 [T]he Department of Probation has concluded in the report they have provided me that when you get out you will be capable of supporting your family if you have a full-time job. They've also concluded that if you work an extra 20 hours a week at a minimum wage of $4.25 an hour during the 36 months of your supervised release, that will make a total of $13,260.
 
 
 10
 While it may be unusual to consider the need for overtime work to satisfy a restitution order, we believe the district court's order is not reversible. See United States v. Williams, 996 F.2d 231, 234-35 (10th Cir.1993).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3