940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Merle Gene ALLISON, Defendant-Appellant.
 No. 91-1162.
 United States Court of Appeals, Tenth Circuit.
 Aug. 8, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Following his conviction, on a plea of guilty, and sentence of 44 months imprisonment for bank robbery, the petitioner, Merle Gene Allison, filed a motion under 28 U.S.C. Sec. 2255 to vacate, set aside, or correct his sentence. In his petition, Allison asserted that his criminal history category should have been category II rather than category III. Specifically, he stated in his petition that: "I believe that my criminal history computation was figured wrong because on a concurrent sentence, the shorter of the two sentences should not be counted. This would lower my point total which lower my guidelines to which I was sentenced, to the next lower level." The sentence to which Allison referred was one imposed on March 12, 1973, later revoked and a new sentence imposed which was to run concurrently with a longer sentence imposed on an unrelated charge. In essence, Allison asserted that these prior sentences on unrelated cases should be counted as one, citing his interpretation of U.S.S.G. Sec. 4A1.2(a)(2). Alternatively, Allison asserted that the March 12, 1973, sentence should not be counted as it was beyond 15 years, that it was not incarceration as defined in U.S.S.G. Sec. 4A1.1(a), or that it was revoked on April 25, 1975, and a new sentence was imposed to run concurrently with an unrelated sentence.
 
 
 3
 In his brief on behalf of the United States, the United States Attorney carefully analyzed the application of the various subsections of U.S.S.G. Secs. 4A1.1 and 4A1.2 to petitioner's case citing, among other authorities, United States v. Jones, 898 F.2d 1461 (10th Cir.), cert. denied, 111 S.Ct. 111 (1990).
 
 
 4
 In his reply brief, Allison concedes that Jones is adverse to his position, and controls the disposition of this case. We agree. He does not contest the other arguments made by the United States Attorney.
 
 
 5
 Accordingly, the sentence imposed by the district court, as later modified, and the order of the district court denying Allison's petition, are AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3