7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel FLORES-MARTINEZ, Defendant-Appellant.
 No. 92-3319.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 14, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, FEINBERG[2] and McWILLIAMS, Circuit Judges.
 
 
 1
 Defendant Manuel Flores-Martinez appeals from a district court order imposing sentence after his guilty plea to illegal presence in the United States after having been deported, in violation of 8 U.S.C. 1326. The only issue in this direct criminal appeal is whether the sentencing court correctly calculated defendant's criminal history category by counting two prior convictions separately when calculating his base offense level under U.S.S.G. 4A1.1(a) and 4A1.2(a), (k), n.11. We afford due deference to the district court's application of the facts to the guidelines, and review questions of law de novo. 18 U.S.C. 3742(e); United States v. Banashefski, 928 F.2d 349, 351 (10th Cir.1991).
 
 
 2
 Defendant was convicted in March 1984 of using a counterfeit registration card to gain employment (conviction no. 1.) He pleaded guilty and received a suspended sentence and three years probation. Defendant was then deported and warned that he would be subjected to immigration charges if he returned illegally. In May 1984, defendant was arrested for disorderly conduct and obstruction of the legal system. He was turned over to the Immigration and Naturalization Service and charged with illegal entry. In August 1984, his probation in conviction no. 1 was revoked and he was resentenced to two years imprisonment, which was suspended, and five years probation. At the same proceeding, he pleaded guilty to the illegal entry charge (conviction no. 2) and received a two year sentence, also suspended, and five years probation, to run consecutively to that imposed in conviction no. 1.
 
 
 3
 Defendant's probation in conviction no. 1 was revoked a second time in June 1988, and he was given a two-year sentence. In the same hearing, his probation in conviction no. 2 was also revoked, and he received a two-year sentence to run consecutively to that in conviction no. 1.
 
 
 4
 Defendant was arrested yet again in November 1990 for violating the terms of that probation, and was charged with entering the country illegally.[3] He entered into a plea agreement. In its sentencing proceeding the district court added three points each to defendant's base offense level for conviction nos. 1 and 2, concluding those were prior sentences in unrelated cases and therefore should be counted separately. This resulted in a base offense level of 14, coupled with thirteen criminal history points, which placed defendant in a criminal history category of VI. Defendant's sentence of forty-six months was at the top of the applicable range.
 
 
 5
 Section 4A1.2(a)(2) states the method for counting prior sentences when computing criminal history. A prior sentence includes one previously imposed upon guilty pleas such as those in conviction nos. 1 and 2. Subsection (a)(2) requires sentences in unrelated cases to be counted separately. The district court determined that defendant's conviction nos. 1 and 2 were unrelated cases and therefore should each be counted toward his criminal history category. U.S.S.G. 4A1.1, 4A1.2(a)(2).
 
 
 6
 Section 4A1.2(k) and Application Note 11 address resentencing after revocation of probationary or conditional sentences for purposes of calculating criminal history points. Those provisions explicitly provide that an original sentence and resentence following revocation should be treated as a single conviction, allowing a maximum of three points for that conviction. The second paragraph of Note 11 explains how to aggregate a sentence imposed upon revocation of multiple sentences when the sentencing court has not designated to which revoked sentence the resentence applies. The example given in the note illustrates a situation in which the sentencing court imposes a single term of imprisonment upon revocation of multiple unrelated sentences. Under these facts, the sentence upon revocation is to be combined with what would have been the longer of the probationary sentences so as to maximize the assigned criminal history points.
 
 
 7
 The facts in the case before us are somewhat different because the sentencing court imposed separate sentences upon revocation of defendant's probation for both conviction nos. 1 and 2. The sentencing court treated the convictions as separate and unrelated but evidently handled these matters in a single resentencing hearing for reasons of judicial efficiency. We have previously held that "requiring separate proceedings to revoke probation and resentence the defendant for each offense is not necessary to preserve the status of his prior convictions as 'unrelated cases.' " United States v. Jones, 898 F.2d 1461, 1464 (10th Cir.), cert. denied, 498 U.S. 838 (1990). We do not understand the guidelines to contemplate that the impact of multiple unrelated prior convictions be reduced because the district court conducts resentencing in a single hearing. Here defendant's two probationary sentences were individually revoked and he was resentenced separately as to both. In that circumstance each conviction should be counted to enhance defendant's criminal history category pursuant to 4A1.1(A).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [3]
 The record does not indicate the factual basis for the probation revocations of June 1988 or the circumstances which led to defendant's release before serving the consecutive sentences on conviction nos. 1 and 2