**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2005**

**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 05-1255

JEFFREY THURMOND
HUMPHRIES,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**[*]
**(D.C. NO. 04-CR-33-RB)**

Raymond P. Moore, Federal Public Defender and Janine Yunker, Assistant
Federal Public Defender, Denver, Colorado, for Defendant - Appellant.

William J. Leone, United States Attorney, Martha A. Paluch, Assistant United
States Attorney, and Philip A. Brimmer, Assistant United States Attorney,
Denver, Colorado, for Plaintiff - Appellee.

Before **HARTZ,** Circuit Judge, **BARRETT,** Senior Circuit Judge, and
**McCONNELL,** Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**HARTZ**, Circuit Judge.

Jeffrey Thurmond Humphries pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR) suggested that Mr. Humphries belonged in criminal history category VI. Mr. Humphries objected to the PSR's treatment of four of his juvenile convictions. He argued that the four convictions had been consolidated for sentencing and therefore should be considered "related" for purposes of the Sentencing Guidelines and counted as a single prior conviction. The district court rejected his argument, and he appealed. We remanded for resentencing in light of *Booker v. United States*, 125 S. Ct. 738 (2005). The district court again rejected Mr. Humphries' arguments, adopted its findings from the prior hearing, and imposed the same sentence. Applying a deferential standard of review, we affirm.

## DISCUSSION

The United States Sentencing Guidelines set forth how to calculate a defendant's criminal history. Under the guidelines, prior sentences in "related" cases are treated collectively as a single sentence. *See* United States Sentencing Guidelines (USSG) § 4A1.2(a)(2). When the prior sentences were separated by an intervening arrest, they are not considered related. *Id*. cmt. 3. "Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C)

-2-

were consolidated for trial or sentencing." *Id.* In this case the district court did not find that Mr. Humphries' four juvenile convictions were separated by intervening arrests, and on appeal the government does not argue that they were. In turn, Mr. Humphries concedes that the offenses did not occur on the same occasion and were not part of a single common scheme or plan. The sole question presented, then, is whether the convictions were consolidated for sentencing.

## STANDARD OF REVIEW

There is some question about the standard of review that we should apply. We have held that "[t]he meaning of the word 'related' is a legal issue that we review de novo, . . . [w]hile the district court's determination of whether various offenses were 'related' is a factual determination reviewed only for clear error." *United States v. Alberty*, 40 F.3d 1132, 1133 (10th Cir. 1994) (internal quotation marks and citations omitted). But more recently the Supreme Court's decision in *Buford v. United States*, 532 U.S. 59 (2001), provided a somewhat different standard. In that case no formal order of consolidation had been entered, and the district court found that the convictions had not been "*functionally* consolidated." *Id*. at 61. The Supreme Court stated the question before it as: "What standard of review applies when a court of appeals reviews a trial court's Sentencing Guideline determination as to whether an offender's prior convictions were consolidated, hence 'related,' for purposes of sentencing?" *Id*. at 60. It answered

that the district court's determination should be reviewed "deferentially." *Id*. at 66.

Mr. Humphries argues that *Buford*'s holding was limited to cases of functional consolidation, and that here we must apply *de novo* review because the only issue is a legal one. We disagree. The Supreme Court's statement of the question presented in *Buford* was not so limited. Nor was the Court's reasoning. In *Buford* the Court acknowledged that the underlying facts were undisputed yet still held that "the district court is in a better position than the appellate court to decide whether a particular set of circumstances demonstrates 'functional consolidation.'" *Id*. at 64. The Court explained that deference is due

> because a district judge sees many more "consolidations" than does an appellate judge. As a trial judge, a district judge is likely to be more familiar with trial and sentencing practices in general, including consolidation procedures. And as a sentencing judge who must regularly review and classify defendants' criminal histories, a district judge is more likely to be aware of which procedures the relevant state or federal courts typically follow. Experience with trials, sentencing, and consolidations will help that judge draw the proper inferences from the procedural descriptions provided.
>
> In addition, factual nuance may closely guide the legal decision, with legal results depending heavily upon an understanding of the significance of case-specific details.

*Id.* at 64-65. The Court also rejected the argument that *de novo* review is justified by the benefits of uniformity:

> The legal question at issue is a minor, detailed, interstitial question of sentencing law, buried in a judicial interpretation of an application

note to a Sentencing Guideline. That question is not a generally recurring, purely legal matter, such as interpreting a set of legal words, say, those of an individual guideline, in order to determine their basic intent. Nor is that question readily resolved by reference to general legal principles and standards alone. Rather, the question at issue grows out of, and is bounded by, case-specific detailed factual circumstances. And the fact-bound nature of the decision limits the value of appellate court precedent . . . .

*Id*. at 65-66. We therefore hold that district courts must be given deference with respect to all decisions regarding whether convictions were consolidated. *See United States v. Horn*, 355 F.3d 610, 613 (6th Cir. 2004) (*Buford* deference applies to all questions of relatedness).

Under a deferential standard, we affirm the district court. It is undisputed that four of Mr. Humphries' prior convictions were transferred to the same court for sentencing at the same time. But this does not necessarily indicate that they were *consolidated*, as the guidelines use that term. *See United States v. Villarreal*, 960 F.2d 117, 119 (10th Cir. 1992). Cases can be set together for sentencing for practical reasons, such as "judicial economy," that do not arise from their relatedness. *Id*. at 119. That is precisely what the district court found here. After noting its own extensive familiarity with state court procedures, the district court rejected Mr. Humphries' claim that the sentences had been consolidated in the guidelines sense:

Hearkening back to my days on the state court bench, consolidation or transfer, depending on the statutory euphemism that you chose, really was a deliberate statutory and administrative

-5-

process . . . to achieve . . . judicial economy through uniformity and continuity of judicial supervision and control, and simultaneously, to eschew the very real risk of multiple proceedings focusing on one juvenile to be conducted in multiple juvenile divisions in multiple district courts.

And in my view, based on this record, that's exactly what has occurred here. In the good old days, before we recognized such consolidations and transfers, it would have been a facile matter for a juvenile in the circumstances of Mr. Humphries to have received concurrent sentences all right, but then on a violation to have been subjected to subsequent or post-adjudication and dispositional proceedings in multiple district courts, perhaps spanning the state of Colorado geographically.

Well, to avoid that, we got the juvenile who was involved in multiple cases and delinquent acts under one judge in one juvenile division of one District Court, and that's what occurred here.

Quintessentially under the guidelines the concept of relatedness focuses appropriately not on salutary administrative protocol, but instead, on relatedness. Is there a common factual or legal concatenation between or among the various cases and delinquent acts made the focuses of the petitions. That is, is there a single criminal episode, is there a continuing criminal episode or enterprise, something that would make this indeed related conduct. And here there is not. And thus, I approve, adopt and incorporate the reasons stated, arguments advanced, and authorities cited by Mr. Merlo in the presentence report against recognizing related conduct here.

R. Vol. II at 16-17. The district court's analysis is entitled to deference for the very reasons set forth in *Buford*. We see no error here.

We AFFIRM the judgment of the district court.