**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONNIE ESPINOSA,

Defendant - Appellant.

No. 05-2220

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**[*]
**(D.C. NO. CR-03-2281 MCA)**

---

John V. Butcher, Assistant Federal Public Defender, Albuquerque, New Mexico, for the Defendant - Appellant.

David C. Iglesias, United States Attorney and David N. Williams, Assistant United States Attorney, Albuquerque, New Mexico, for the Plaintiff - Appellee.

---

Before **TACHA**, Chief Cirucuit Judge, **HARTZ** and **TYMKOVICH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ronnie Espinosa appeals from his sentence for possession of cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). At sentencing the district court determined that he was a career offender under United States Sentencing Guidelines (USSG) § 4B1.1 because he had two prior state-law convictions for qualifying offenses at the time of the present offense. Mr. Espinosa contends that the district court erred in applying the career-offender enhancement because one of the predicate state-law convictions did not predate his § 841(a)(1) violation. He acknowledges that he pleaded guilty to the state charge before committing the federal offense, but contends that his plea was conditional and therefore was not valid and did not establish his guilt until imposition of his sentence, which postdated the federal offense. The district court rejected the contention. We have jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291. We affirm, holding that the district court is entitled to deference in its characterization of the state-court proceeding and correctly ruled that Mr. Espinosa's guilty plea constituted a conviction.

### *The Issues on Appeal*

The sentencing range recommended by the Guidelines depends on the defendant's offense level and criminal history. Criminal history is determined by the number and nature of the defendant's prior convictions. One way for a defendant to qualify for criminal-history Category VI, the highest category in the Guidelines, is to be a "career offender." Under USSG § 4B1.1(a):

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Guidelines further provide that the prior felony convictions must have occurred before the offense on which sentence is being imposed. *See id.* § 4B1.2(c) ("The term 'two prior felony convictions' means . . . the defendant committed the instant offense of conviction *subsequent to* sustaining at least two felony convictions . . . ." (emphasis added)).

Mr. Espinosa's Presentence Report (PSR) determined that he satisfied this definition because he had two prior state-law convictions for qualifying offenses at the time of the present offense. One of those two convictions was a New Mexico state conviction for trafficking cocaine. The date of this conviction is the focus of this appeal.

Ordinarily, a defendant is considered to have been convicted of an offense as of the date of his plea. *See* USSG § 4B1.2(c) ("The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial or plea of *nolo contendere*."). In this case Mr. Espinosa's plea hearing was well before he committed his federal offense. He contends, however, that the plea was only a conditional one, which was invalid under New Mexico law and did not "establish" his guilt until he was

sentenced a year later, *after* he committed the federal crime. Thus, he concludes, that state conviction cannot be considered in determining whether he is a career offender. We disagree. The federal district court ruled that his state plea was a valid plea and his conviction occurred at the time of the plea. For reasons we provide below, we give deference to the district court's ruling. We see no error in the ruling and affirm Mr. Espinosa's sentence.

### *State Proceedings*

Mr. Espinosa appeared in New Mexico state court on April 2, 2002, to plead to a charge of cocaine trafficking. With him was Felicia Montano, his girlfriend and the mother of one of his children, who had been indicted on narcotics charges in a related case. There was, however, no resolution of either of their cases that day. They returned to court the next day, April 3, but the state was ready to proceed only with Mr. Espinosa's case, not Ms. Montano's. Mr. Espinosa's lawyer informed the court that he would plead guilty on the condition that the state dismiss its case against Ms. Montano:

> [DEFENSE COUNSEL]: Your Honor, my client enters this plea to guilty on Count V, trafficking by distribution on April 27. I did inform … *he is willing to enter this plea conditionally on the basis that the co-defendant would Felicia Montano be dismissed from the case and assuming that … that is not the case he would like the option of withdrawing his plea*, Your Honor.

-4-

THE COURT:               Mr. Espinosa, is this correct?

MR. ESPINOSA:            Yes, Sir.

* * *

THE COURT:               Miss Manfredi [the prosecutor], pertaining to the condition you are aware of the fact that the plea entered into by Mr. Espinosa based on condition that a ... there be a dismissal on the case or *nolle prosequi* of the case against Felicia Montano?

MS. MANFREDI:            Yes, yes, Judge.

THE COURT:               The Court will accept the plea subject to the contingency that has been outlined by [defense counsel]. Let me state for the record that [Ms. Montano and her attorney] were here yesterday morning and I realized that the State has not made a decision yet as to Ms. Montano, but [she and her attorney] were here yesterday morning and then at their request I said fine show up today, so that we could have the consolidated cases discussed together here. Furthermore, it is now 11 o'clock and [Ms. Montano's counsel and Mr. Espinosa's counsel] have both ... and their clients have been here since 9 o'clock this morning, so approximately 3 hours have been waiting and so to further prevent delay the Court will accept the plea, subject to the conditions [Mr. Espinosa's counsel] has outlined. The

| | |
|---|---|
| | Court will ask for a Presentence Report. |
| COUNSELS: | Thank you, Your Honor. |
| [DEFENSE COUNSEL]: | Thanks Judge. I appreciate it. |
| MS. MANFREDI: | Yeah, thanks, I appreciate it. |
| THE COURT: | And then can I ask the state for—to give me a decision within twenty-four (24) hours of. |
| MS. MANFREDI: | I will do that, Judge. |

R. Vol. I, Doc. 112, at 3-5 (emphasis added). The case against Felicia Montano was dismissed the next day. Sentencing of Mr. Espinosa, however, was delayed more than a year, until June 23, 2003.

### *Federal Proceedings*

In the meantime, on April 30, 2003, Mr. Espinosa was arrested on the present federal cocaine-trafficking charge. On October 4, 2004, he pleaded guilty in the United States District Court for the District of New Mexico to one charge of possession of less than 500 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

At his federal sentencing hearing on April 20, 2005, Mr. Espinosa objected to the PSR's recommendation that he be categorized as a career offender. He argued that he could not be so classified because his state cocaine-trafficking conviction was not a valid predicate: in his view, he had not been convicted

before April 30, 2003, when he committed the present violation. He had indeed pleaded guilty to the state charge on April 3, 2002, but he argued that the plea was invalid and his guilt had not been "established," because his plea was subject to a future condition (that is, that the state dismiss its case against Felicia Montano). New Mexico law, Mr. Espinosa contended, does not recognize such "inchoate" pleas and does not allow a conviction to be conditioned on future events. The conviction, according to Mr. Espinosa, did not become final until he was sentenced on June 23, 2003 (the first "authorized proceeding" after the condition was satisfied, Aplt. Br. at 9)—over two months after he was arrested for the crimes that form the basis of this case.

The district court reviewed the transcript of the state-court proceeding and characterized what happened as the entry of a guilty plea with an option to withdraw later:

| | |
|---|---|
| [DISTRICT] COURT: | But the transcript, does it not include a statement by [Mr. Espinosa's] former attorney in the State proceeding that in the event that the dismissal of Felicia Montano not take place, that he would like the option of withdrawing his plea, not that his plea would be withdrawn, he would like the option? Isn't that the way it's worded here in the transcript? |
| [DEFENSE COUNSEL]: | Yes, Your Honor. The Court is accurately reading the transcript. . . . |

R. Vol. IV at 14.  The district court therefore rejected Mr. Espinosa's argument that the conviction did not become final on April 2, 2002, and applied the career-offender enhancement.  The resulting guideline range was 140 to 175 months' imprisonment; the district court sentenced Mr. Espinosa at the bottom of that range.

### *Standard of Review*

To begin with, we address what standard of review to apply to the district court's ruling.  Ordinarily, when reviewing a district court's application of the sentencing guidelines, we review the court's factual findings for clear error and its legal determinations de novo.  *See United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005).  We owe particular deference, however, to certain determinations made by the district court regarding a defendant's prior convictions.

The Supreme Court in *Buford v. United States*, 532 U.S. 59 (2001), addressed the standard of review an appellate court should apply when reviewing a district court's determination under the Guidelines whether the defendant's prior convictions were "consolidated, hence 'related,' for purposes of sentencing[.]" *Id.* at 60.  The Guideline section at issue in that case was the same as here, § 4A1.2, relating to career offenders.  That section provides that a sentencing judge must treat prior sentences imposed in "related cases" as one sentence.  USSG § 4A1.2(a)(2).  Prior convictions are "related" when, among other

possibilities, they were "consolidated for . . . sentencing." *Id.* § 4A1.2 cmt. n.3. In *Buford* the district court had determined that there had not been a formal consolidation order, and the defendant's convictions had not been "*functionally* consolidated, which means that the convictions were factually or logically related, and sentencing was joint." 532 U.S. at 61 (internal quotation marks omitted).

The defendant argued that the decision should be reviewed de novo because she "ha[d] not contested any relevant underlying issue of fact," but "disagree[d] only with the District Court's legal conclusion that a legal label . . . failed to fit the undisputed facts." *Id.* at 63. The Court, however, noted that the federal sentencing statute "requires a reviewing court not only to 'accept' a district court's 'findings of fact' (unless 'clearly erroneous'), but also to 'give *due deference* to the district court's application of the guidelines to the facts.' 18 U.S.C. § 3742(e)." *Id.* The Court reasoned that such deference, rather than de novo review, was appropriate in that case. *See id.* at 64.

A district court, the Court said, "is in a better position than the appellate court to decide whether a particular set of individual circumstances demonstrates 'functional consolidation.'" *Id.*

> That is so because a district judge sees many more "consolidations" than does an appellate judge. As a trial judge, a district judge is likely to be more familiar with trial and sentencing practices in general, including consolidation procedures. And as a sentencing judge who must regularly review and classify defendants' criminal histories, a district judge is more likely to be aware of which procedures the relevant state or federal courts typically follow.

> Experience with trials, sentencing, and consolidations will help that judge draw the proper inferences from the procedural descriptions provided.

*Id.* at 64-65. "In addition," the Court continued, "factual nuance may closely guide the legal decision, with legal results depending heavily upon an understanding of the significance of case-specific details." *Id.* at 65. In the case before it, for example, the district court "usefully might have considered the factual details of the crimes at issue in order to determine whether factual connections among those crimes, rather than, say, administrative convenience, led [the state court] to sentence [the defendant] simultaneously and concurrently for the robbery and drug offenses." *Id.*

Finally, the Court noted that there would be little benefit from any uniformity produced by de novo appellate review. "The legal question at issue," it observed, "is a minor, detailed, interstitial question of sentencing law" and "not a generally recurring, purely legal matter, such as interpreting a set of legal words." *Id.* "Rather, the question at issue grows out of, and is bounded by, case-specific detailed factual circumstances." *Id.* This "fact-bound nature" of the district court's decision "limits the value of appellate court precedent, which may provide only minimal help when other courts consider other procedural circumstances, other state systems, and other crimes." *Id.* at 66. *See United States v. Humphries*, 429 F.3d 1275, 1277 (10th Cir. 2005) (holding that the

deferential standard announced in *Buford* applies to any district-court determination that a defendant's prior convictions were consolidated).

The reasoning underlying *Buford* applies to the present case. The determination whether a guilty plea was entered in accordance with state law also involves a rather unusual, fact-dependent issue, not a "generally recurring, purely legal matter," *Buford*, 532 U.S. at 65. In compliance with 18 U.S.C. § 3742(e), we think that *Buford* deference should be afforded the district court's decision regarding the state-law bona fides of Mr. Espinosa's guilty plea.

### *Merits*

Giving the district court such deference, we see no error in its ruling. Although defense counsel in the state proceeding referred to his client's plea as "conditional," he proceeded to state that if the condition (dismissal of the charge against Ms. Montano) was not satisfied, the client "would like the option of withdrawing the plea." R. Vol. I Doc. 112 at 3. Rather than suggesting that the plea would not be effective unless and until the condition was met, he was asserting a potential future ground for setting aside the plea. It made sense for defense counsel to alert the state court to the possibility of a later request to withdraw the plea, so that the good faith of such a request would be apparent. New Mexico courts look unfavorably on defendants who seek to withdraw their pleas for tactical reasons. *See State v. Clark*, 772 P.2d 322, 327 (N.M. 1989) ("[T]he purpose for allowing a defendant to withdraw a guilty plea is not to allow

a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice."), *overruled on other grounds by State v. Henderson*, 789 P.2d 603, 612 (N.M. 1990); *State v. Barnett*, 965 P.2d 323, 330 (N.M. Ct. App. 1998) ("[A] defendant generally may not withdraw a guilty plea as a matter of right after sentencing unless the defendant proves that the withdrawal is necessary to correct a manifest injustice . . . ."). A court would be much more receptive to withdrawal of the plea if it were clear that the plea was based on a mistaken understanding of what the consequences of the plea would be.

The conditionality in Mr. Espinosa's plea was not unlike that found in many plea bargains. The defendant pleads guilty with the understanding that the government will later perform as promised under the agreement. If the government reneges, the defendant may seek to withdraw the plea. *See Mabry v. Johnson*, 467 U.S. 504, 509 (1984) ("[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand . . . ."); *State v. Ortiz*, 427 P.2d 264, 266 (N.M. 1967) (A plea "induced" by a prosecutor's "unkept agreement" is involuntary and defendant must be allowed to withdraw it). The conditionality of a plea bargain, however, does not make the guilty plea ineffective as a conviction until the promise is fulfilled; rather, failure to fulfill the promise constitutes ground for *setting aside* the *valid* plea.

To support his view that a "conditional statutory judgment and sentence is void" under New Mexico law, Aplt. Br. at 14, Mr. Espinosa cites only the dissenting opinion in *State v. Madrigal*, 513 P.2d 1278 (N.M. Ct. App. 1973). In that case the defendant had enlisted in the Army shortly before committing aggravated assault. At the sentencing hearing the trial court imposed a sentence of one to five years, "unless defendant's attorney furnished the court with two things—a statement from the victim that she did not wish the matter pursued further and a statement that the Army would accept defendant," in which case the court would "'go back and dismiss these charges.'" *Id.* at 1283. When the defendant was unable to meet the two conditions, the court sentenced him to prison. On appeal the majority opinion affirmed the judgment and sentence. The dissenting opinion, however, declared that the "conditional" judgment and sentence was "beyond the jurisdiction of the trial court" and "void on its face." *Id.* at 1284 (Sutin, J., dissenting). We find this dissent of no assistance to Mr. Espinosa. He gives us no reason to believe that the dissent's view, upon which the majority opinion did not comment, represents settled New Mexico law. Moreover, our concern is a supposedly conditional acceptance of a guilty plea, not a conditional *sentence* as in *Madrigal*. Neither the *Madrigal* majority opinion nor the dissent addressed the validity of the defendant's guilty plea.

In sum, we see no reason to set aside the district court's ruling that Mr. Espinosa entered a valid guilty plea on April 3, 2002, particularly given the

-13-

deference we owe the court.  Accordingly, imposition of the career-offender enhancement was proper.

### *Conclusion*

We AFFIRM the judgment and sentence of the district court.