**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SHARRIFF TILGHMAN,

      Defendant-Appellant.

No. 05-3382
(D.C. No. 04-CR-40061-001-RDR)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

On June 16, 2004, Sharriff Tilghman (the defendant) was charged in a four-count indictment filed in the United States District Court for the District of Kansas as follows: Count 1, knowingly, and intentionally possessing, with an intent to distribute, approximately 2.41 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 2, knowingly and intentionally using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A); Count 3, possessing a firearm after having been previously convicted of several felonies, in violation of 18 U.S.C. §§ 922(g) and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

924(e)(l); and Count 4, as being a user of and addicted to cocaine and possessing a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e)(l). On August 31, 2004, the defendant filed a motion to dismiss the indictment or, in the alternative, to suppress oral statements made by him to the police, alleging that when he was arrested the police agreed not to prosecute him in federal court if he "co-operated" in its ongoing investigation of other individuals suspected of drug trafficking and that he fulfilled his part of the agreement. Defendant argued that the police did not fulfill their part of the agreement and, instead, referred the case to the United States Attorney, who obtained the four-count indictment against him. The government filed a response to that motion. On October 13, 2004, the district court, after hearing, denied defendant's motion to dismiss or suppress.

On February 22, 2005, the defendant, pursuant to a plea agreement, entered a plea of guilty to Count 1 of the indictment, and the government agreed, *inter alia,* to dismiss the remaining counts at sentencing. In the plea agreement, defendant agreed, *inter alia,* not to appeal any sentence unless it involved an upward departure from his guideline range. The pre-sentence report set defendant's total offense level at 29 and his criminal history category at VI, resulting in a guideline range of imprisonment for 151 to 188 months.

On August 29, 2005, the defendant filed a "Motion to Enforce Plea Agreement." In that motion, the defendant alleged as follows:

> Mr. Tilghman entered into a plea agreement with the Assistant United States Attorney whereby he would plead guilty to Count 1 of the Indictment, possession with the intent to distribute 2.41 grams of cocaine base. In exchange for this plea, the government agreed to file a motion for downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), if Mr. Tilghman provided substantial assistance. Although Mr. Tilghman has fulfilled his part of the plea agreement, the government has refused to file a motion for downward departure. This is bad faith on the part of the government. This Court should require the government to uphold its part of the plea agreement.

The record indicates that as of the time of the plea agreement, the government was engaged in an ongoing investigation of several murders and thought that the defendant could possibly "cooperate" with the government in solving the murders. Hence, the inclusion in the plea agreement of paragraph 5(e) which reads as follows:

> 5. Government's agreements
>
> . . .
>
> > e. In its sole discretion, the government may recommend that the defendant receive a reduction in his sentence pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The parties agree that substantial assistance has not yet been provided by the appellant.

As indicated, the defendant's position is that he did provide "substantial assistance" and the government's position is that he did not, and therefore the government, acting pursuant to 5(e) of the plea agreement, did not have to file a motion for downward departure. In any event, at the sentencing hearing, the district court, after an evidentiary hearing wherein the defendant and two law enforcement officers testified,

denied defendant's Motion to Enforce Plea Agreement. The court then set defendant's

total offense level at 29, and his criminal history category at VI, which, as indicated,

resulted in a guideline range of 151-188 months, and sentenced defendant to

imprisonment for 151 months. In accordance with the plea agreement, the government

then dismissed the remaining three counts of the indictment. Defendant thereafter filed a

timely notice of appeal.

As above stated, on appeal defendant raises one issue, i.e., whether the district

court erred in denying his Motion to Enforce Plea Agreement, contending that the

government, under the described circumstance, breached paragraph 5(e) of the plea

agreement when it failed to move for a downward departure from the guideline range

applicable to defendant, i.e., imprisonment for 151 to 188 months, or imprisonment of not

more than 11 years. The government in its brief on appeal argues that it did not breach

paragraph 5(e) of the plea agreement and that, accordingly, under the plea agreement the

defendant had waived his right to appeal.

*United States v. Young*, 2006 WL 3411450 (10th Cir.), an order and judgment filed

on November 28, 2006 (mandate issued on December 20, 2006), sheds light on the

present controversy. In that case we spoke as follows:

> But, we have not yet determined in this circuit whether a party
> has the right to pursue an alleged breach of a plea contract in
> the face of a waiver of appeal. We now join our sister circuits
> in holding that a defendant's waiver of the right to appeal or
> collaterally attack his sentence does not preclude an appellate
> argument that the government breached the plea accord.
> Practically, this preserves the public policy constraints that

- 4 -

bear upon the enforcement of other kinds of contracts. To determine whether the government breached this plea agreement, we examine the nature of the government's promise and evaluate the promise in light of Young's reasonable understanding of the promise at the time the guilty plea was entered. "Principles of general contract law guide our analysis of the government's obligations under the agreement. [*United States v. Peterson*, 225 F.3d 1167, 1171 (10th Cir. 2000)]. Whether the conduct at issue violated the plea agreement is a question reviewed de novo. (Citations omitted.)

In *Young*, we first determined that the government had not breached the plea agreement there under consideration and then we granted the government's request for enforcement of the defendant's agreement not to appeal the judgment and sentence of the district court. It was in that setting in *Young* that we dismissed the defendant's appeal.

We elect to follow the teaching of *Young* in the instant case. Accordingly, from the record before us, we conclude that the district court did not err in denying the defendant's request that the government be ordered to file a motion for downward departure. Paragraph 5(e) of the plea agreement is quite clear to us. The record does not indicate "bad faith" on the part of the government and only suggests, at best, a difference in opinion as to whether the defendant "assisted" the government, and, if he did, whether it amounted to "substantial assistance." The government not having breached the plea agreement, we grant the government's request that defendant's waiver of his right to appeal be enforced and that the appeal be dismissed. *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004).

Appeal dismissed.

Entered for the Court


Robert H. McWilliams
Circuit Judge