FILED
United States Court of Appeals
Tenth Circuit

August 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISRAEL GOMEZ-ASTORGA,

Defendant - Appellant.

No. 08-4052
(D. Utah)
(D.C. No. 1:07-CV-00064-TC and
1:03-CR-00062-TC-12)

**ORDER**

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Israel Gomez-Astorga, a federal prisoner proceeding pro se, seeks a
certificate of appealability (COA) to appeal the district court's dismissal of his
Writ of Habeas Corpus petition pursuant to 28 U.S.C. § 2255. He has also filed a
motion to proceed in forma pauperis ("IFP"). We deny the application for COA,
deny the motion to proceed IFP, and dismiss the matter.

I. BACKGROUND

Mr. Gomez-Astorga is in the custody of the United States, having pleaded
guilty to possessing 500 grams of methamphetamine with intent to distribute. The
court sentenced Mr. Gomez-Astorga to 188 months' imprisonment, after which he
will be deported to Mexico.

Mr. Gomez-Astorga was initially indicted as one of fourteen co-defendants in a conspiracy case involving multiple counts of drug and immigration-related offenses. He was only named in one count – possession with intent to distribute 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A). Mr. Gomez-Astorga entered a plea of guilty pursuant to a plea agreement in which he waived his rights to a direct appeal and to collateral attack of his sentence, including under § 2255. The government agreed that in exchange it would recommend he receive a downward departure from the recommended Guidelines range based on his acceptance of responsibility, his playing a minor role in the operation, and his truthfully providing information. However, before Mr. Gomez-Astorga's sentencing hearing, the Probation Officer submitted an amended presentence report ("PSR") indicating that since Mr. Gomez-Astorga entered his plea, the government had received additional information from a confidential informant indicating that Mr. Gomez-Astorga played a larger role in the conspiracy than he had previously admitted. As a result, the new PSR withdrew the prior sentencing recommendation and instead recommended a three offense level adjustment based on his playing an aggravating role as manager or supervisor. The government later adopted the PSR's conclusions.

The district court held an *in camera* hearing to address this change of position on the part of the government. While Mr. Gomez-Astorga was not

present, his counsel was. The court instructed the parties to brief the new issues, and advised Mr. Gomez-Astorga's attorney that it would be amenable to a motion to change his plea.

The sentencing hearing took place roughly one month later. During that hearing, Mr. Gomez-Astorga's counsel stated that the district judge had indicated he would look favorably upon a motion to withdraw the plea, but that "[i]t was our election, your honor, not to withdraw that plea, and it is still our election not to withdraw the plea . . . ." Sentencing Tr., at 6-7. At the conclusion of the hearing, the court found that Mr. Gomez-Astorga was not entitled to a reduction for playing a minor role, for acceptance of responsibility, or for truthfully providing information so as to qualify for the safety valve provision. However, the court rejected the government's position that Mr. Gomez-Astorga played an aggravating role in the offense. The court ultimately sentenced Mr. Gomez-Astorga to 188 months' imprisonment – the low end of the Guidelines range.

Mr. Gomez-Astorga timely appealed, and now argues that he is entitled to habeas relief on four federal constitutional grounds: (1) his counsel was ineffective because counsel did not argue that the government had breached the plea agreement; (2) his sentence violates the Fifth Amendment because the court did not know it had discretion to depart from the Sentencing Guidelines; (3) his due process and Sixth Amendment rights were violated because his sentence was increased based on facts not charged in the indictment, denying him notice and

3

the right to a jury trial; and (4) the use of hearsay at the sentencing hearing with no chance to cross-examine violated his right to a jury trial and his counsel was ineffective by failing to cross-examine the confidential informant who had provided the hearsay. The district court denied Mr. Gomez-Astorga relief on all four claims. He timely appealed, and filed an application for a COA and a motion to proceed IFP.

## II. DISCUSSION

Mr. Gomez-Astorga must obtain a COA in order to challenge the district court's dismissal of his habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). In order to obtain a COA, Mr. Gomez-Astorga must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

The district court found that Mr. Gomez-Astorga waived his right to challenge his sentence under § 2255 on all four grounds. When a district court denies a habeas petition on procedural grounds a COA should issue only if

4

reasonable jurists would find it debatable both that "the petition states a valid claim of the denial of a constitutional right" and "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Gomez-Astorga proceeds pro se, we construe his pleadings liberally. *Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004).

## A. Waiver – Grounds Two, Three, and Four

For substantially the same reasons as the district court, we hold that Mr. Gomez-Astorga waived Grounds Two and Three of his motion – that the court erred by not knowing it had discretion to depart from the Guidelines and that his sentence was unconstitutionally increased based on facts not charged in the indictment. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). We agree with the district court that Mr. Gomez-Astorga waived Grounds Two and Three by knowingly and voluntarily signing the plea agreement.

However, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." *Id.* at 1187. Both Grounds One and Four of Mr. Gomez-Astorga's petition involve ineffective assistance claims, so in order to determine if those two grounds are waived, we must

5

determine whether they challenge the validity of the plea or waiver. *See id.*

As did the district court, we will first address Ground Four, which is composed of two parts: (a) the use of hearsay at the sentencing hearing with no chance to cross-examine violated Mr. Gomez-Astorga's right to a jury trial and (b) his counsel was ineffective by failing to cross-examine the confidential informant who had provided the hearsay. Because Mr. Gomez-Astorga does not claim that Ground 4(a) (the use of hearsay at the sentencing hearing with no chance to cross-examine) was caused by ineffective assistance of counsel, we agree with the district court that the first half of Ground Four is waived. Mr. Gomez-Astorga does assert ineffective assistance of counsel in the second half of Ground Four. He argues specifically that his counsel rendered deficient performance by failing to call the confidential informant for cross-examination at the sentencing hearing. Although we have doubts about the merit of this contention, we need not reach it since, as the district noted, "Mr. Gomez-Astorga's counsel's failure to force the informant to testify did not 'taint[] the voluntariness of the plea or the waiver agreement itself.'" Rec., doc. 7, at 7 (Dist. Ct. order) (quoting *Cockerham*, 237 F.3d at 1184) (internal quotation marks omitted). Even after Mr. Gomez-Astorga was told that the FBI agent would testify as to what the confidential informant had told him, Mr. Gomez-Astorga did not withdraw his guilty plea, and did not cite the ability to call the informant for cross-examination as a condition of not withdrawing. Because the failure to

6

cross-examine the witness did not challenge "the validity of the plea or the waiver," *Cockerham*, 237 F.3d at 1187, we agree with the district court that Mr. Gomez-Astorga waived the right to appeal on the second part of Ground Four.

**B.    Ground One – Ineffective Assistance of Counsel**

This leaves only Ground One – Mr. Gomez-Astorga's claim that his counsel was ineffective by failing to argue at sentencing that the government had breached the plea agreement by not honoring its promise of certain downward adjustments to his base offense level.  The district court held that Mr. Gomez-Astorga waived this claim when his counsel refused to withdraw his plea at sentencing, even after hearing the government's new position.  The district court may have erred in concluding that Mr. Gomez-Astorga waived his right to claim ineffective assistance of counsel; indeed, the government took the contrary position in its response to Mr. Gomez-Astorga's petition.  Rec. doc. 5, at 10 n.2 ("The appeal waiver is inapplicable to petitioner's Ground 1, in which he alleges ineffective assistance of counsel in relation to an alleged breach of the plea agreement by the United States.") (citing *United States v. Tilghman*, 211 Fed. Appx. 778, 781 (10th Cir. 2007) (unpublished)).  Again, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver."  *Cockerham*, 237 F.3d at 1187.   Whatever its merits, this argument

7

regarding Mr. Gomez-Astorga's counsel's effectiveness does challenge the validity of the plea, and therefore it is not waived.

However, we agree with the district court (which also analyzed the merits of Mr. Gomez-Astorga's ineffective assistance claim) that Ground One has no merit. To demonstrate ineffective assistance of counsel, Mr. Gomez-Astorga must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Generally, "[i]f the government reneges [on a plea agreement], the defendant may seek to withdraw the plea." *United States v. Espinosa*, 449 F.3d 1301, 1306 (10th Cir. 2006). Here, when the government rescinded its offer of recommending a downward departure upon learning more about the extent of Mr. Gomez-Astorga's involvement in the conspiracy, a fact which Mr. Gomez-Astorga considered a breach, he did not seek to withdraw the plea. Indeed, as detailed above, in the pre-sentencing *in camera* hearing, the sentencing court both mentioned the possibility and suggested that he would look upon such a withdrawal favorably. Yet, when sentencing occurred nearly a month later, Mr. Gomez-Astorga (through his counsel) declined to withdraw the plea. Mr. Gomez-Astorga, though given the opportunity to address the court directly, did not call into question his counsel's representations of his intentions.

8

"[S]trategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengable." *Strickland*, 466 U.S. at 690. Mr. Gomez-Astorga had ample opportunity to withdraw his plea, knowing that the government was not going to fulfill the initial plea agreement, yet he did not decide to take the chances that would come along with a trial, nor did he reopen negotiations. Rather, he declined to withdraw his plea. Considering this history, his counsel's strategic decision in not arguing at the sentencing hearing that the government had breached the agreement was objectively reasonable. Therefore, we agree with the district court's denial of relief to Mr. Gomez-Astorga on Ground One.

### III. CONCLUSION

Because reasonable jurists could not debate whether the petition should have been resolved in a different manner, *see Miller-El v. Cockrell*, 537 U.S. at 336, we DENY Mr. Gomez-Astorga's application for a COA, DENY his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

9